**SECURITIES SERVICE CORPORATION v. BELCREST APARTMENTS CO.**

No. 9127.

Circuit Court of Appeals, Sixth Circuit.

Oct. 23, 1942.

I. E. Ferguson, of Chicago, Ill. (Bernard Nath and I. E. Ferguson, both of Chicago, Ill., on the brief), for appellant.

Lee E. Joslyn, Jr., of Detroit, Mich. (Lee E. Joslyn, Jr., and Alan W. Joslyn, both of Detroit, Mich., on the brief), for appellee.

Before HICKS, ALLEN, and McALLISTER, Circuit Judges.

PER CURIAM.

The Securities Service Corporation appeals from an order of the district court, disallowing its claim for reimbursement of expenses alleged to have been incurred in connection with the administration of an estate in a proceeding under Chapter XII of the Bankruptcy Act, or in connection with an arrangement confirmed by the court therein, as provided for in 11 U.S.C.A. § 892.

In October, 1930, there were defaults in payments under a trust mortgage covering the Belcrest Apartments, and a bondholders' committee was formed. The bondholders' committee selected appellant corporation as an agent for secretarial services, and appellant thereafter advanced the sum of $10,-760.63 for expenses incurred by the bondholders' committee, as well as for its own secretarial services. The foregoing amount appears to have been advanced on March 20, 1933, for services incurred in 1931 and 1932.

On July 5, 1939, petitions, proposing an arrangement with creditors, were filed under Chapter XII of the Bankruptcy Act, 11 U.S.C.A. § 801 et seq. On July 22, 1940, the district court confirmed an arrangement proposed by the mortgage bondholders' committee, and later, on May 15, 1941, the court affirmed a modified arrangement. On June 27, 1941, the district court disallowed appellant's claim for services and reimbursement of expenses.

Under the statute, the district judge was vested with discretion to allow compensation for services and expenses in connection with the administration of an estate in a proceeding under Chapter XII or in connection with an arrangement confirmed by the court. Whether the services or expenses contributed to the administration of the estate or the arrangement with creditors, was the question to be decided by the district court.

Various reorganization efforts were carried on by the bondholders' committee during several years before the final petition in bankruptcy, and appellant corporation performed secretarial services in connection therewith; but whether such services were of any worth in the subsequent administration and the final creditors' arrangement, were matters to be determined by the district judge. He, obviously, concluded that they were of no value and that they contributed nothing to the administration of the estate or the eventual settlement; and

his denial of appellant's claim rested within his discretion, with which we find no reasons to interfere.

The order of the district court is affirmed.